UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **ZACK MARSHALL,**<br><br>　　　　　　Plaintiff,<br>v.<br><br>**SUNTRUST BANKS, INC.,**<br><br>　　　　　　Defendant. | Civil Case No.:   2:16-cv-00095-WCO<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant SunTrust Banks, Inc.'s ("Defendant") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant has placed dozens, if not hundreds, of telephone calls to Plaintiff's cellular telephone without his prior express consent.

3. Many of these calls occurred after Plaintiff told Defendant on multiple occasions that it had the wrong number.

4. All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business transactions within this District, because Defendant is

headquartered in this District, and because the conduct was directed at this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts significant amounts of business transactions within this District, because Defendant is headquartered in this District, and because the conduct was directed at this District.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Jasper Georgia.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10. Defendant SunTrust Banks, Inc. is, and at all times mentioned herein was, a Georgia corporation headquartered at 303 Peachtree St NE, Atlanta, GA 30308.

11. Defendant SunTrust Banks, Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

## FACTS

12. Beginning in approximately January 2016, and continuing through approximately the date of this Complaint, Defendant placed numerous telephone calls to Plaintiff's cellular telephone, number 706-###-0359.

13. These calls originated from Defendant, including, but not limited to, Defendant's telephone numbers 1-800-828-7959.

14. These calls were all in an apparent effort to collect a debt from a third-party with whom Plaintiff has no affiliation.

15. Plaintiff never provided Defendant with prior express consent to make any of these

calls to his cellular telephone.

16. Plaintiff also specifically told Defendant on numerous occasions that it had the wrong number.

17. Nevertheless, the calls continued.

18. All of these calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. This is evidenced by:

- The frequency of the calls;
- The persistence of the calls;
- An unnatural period of silence upon Plaintiff answering many of these calls;
- An audible "click" before an agent appeared on the line;
- "Dead air" calls. Many of the calls from Defendant's telephone numbers had no agent on the other line when Plaintiff answered.
- Plaintiff's inability to stop the calls.

20. All of the above makes plausible that Defendant's calls used equipment that meets the definition of an "automatic telephone dialing system" in making calls to Plaintiff.

21. In particular, an audible "click," dead air calls, and unnatural periods of silence are indicative of a "predictive dialer," which is an automatic telephone dialing system under the statute.

22. Plaintiff has suffered actual injury as a result of Defendant's telephone calls,

including, but not limited to, reduced device storage space, data usage, plan usage, tied up telephone line, lost time tending to the unwanted telephone calls and responding to Defendant's unlawful conduct, and the invasion of his privacy by calls continuing after he informed Defendant that it had the wrong number.

23. Plaintiff is entitled to statutory damages and injunctive relief.

## FIRST CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

24. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

25. Defendant placed repeated calls to Plaintiff on his cellular telephone.

26. Defendant knew, or should have known, that it was calling a cellular telephone.

27. These calls all used an automatic telephone dialing system.

28. Defendant knew that its calls used an automatic telephone dialing system.

29. These calls were all made in an effort to collect a debt from a third-party with whom Plaintiff has no affiliation.

30. Plaintiff did not consent to Defendant placing such calls to his cellular telephone.

31. Plaintiff also told Defendant on multiple occasions that it had the wrong number.

32. Defendant therefore knew or should have known that it did not have consent to call Plaintiff's cellular telephone.

33. The calls were not placed for "emergency purposes."

34. Plaintiff is entitled to an award of $500 in statutory damages for each call made negligently, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Zack Marshall prays for the following relief:

A. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227, *et seq.*;

B. An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award statutory damages;

D. An award of actual damages;

E. An award of reasonable attorneys' fees and costs; and

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** May 11, 2016

s/ Tyler L. Moffitt
Tyler L. Moffitt
**Moffitt Law, LLC**
Georgia Bar No. 597754
P.O. Box 205
LaGrange, GA 30241
Tel: 762-323-1460
Email: tyler@lawmoffitt.com

Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com

*Pro hac vice* (to be filed)